IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YOURGOS DIAMANTOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07cv31 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| STATE OF NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

      This matter is before the court for initial review of the complaint filed by the plaintiff, Yourgos Diamantopoulos, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). By Order of the District Court of Johnson County, Nebraska, in Case No. CI06-2 (dated September 2, 2006, filed October 2, 2006), the plaintiff's name was officially changed from Cary N. Rehbein to Yourgos Yeoryia Diamantopoulos (see attachment to filing no. 1 at 22). The plaintiff seeks a Writ of Mandamus and a new trial, as well as the state court records for the prosecution of Cary N. Rehbein.

      Liberally construing the complaint, the plaintiff states that she is a native of Greece, and that her conviction and continued custody violate the Geneva Convention and possibly other treaties to which the United States is a party. The plaintiff also states that her records have been altered, there has been tampering with evidence, and DCS is improperly holding her for consecutive life sentences. The petitioner also may be complaining of medical conditions for which she is not receiving proper care.

      The problem with the plaintiff's complaint is that all claims relating to the validity of the plaintiff's custody may not be brought in a civil rights case, even when the relief sought is a Writ of Mandamus. The U.S. Supreme Court, in <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973), and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), established that, if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See <u>Heck v. Humphrey</u>, 512 U.S. at 486-87:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by

> a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

See also Muhammad v. Close, 540 U.S. 749, 750 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 ... (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In Heck v. Humphrey, 512 U.S. 477 ... (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence .... In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.

Because the plaintiff alleges that she is in custody because of a wrongful conviction in a state court, the plaintiff must first prevail in a postconviction, habeas corpus or similar proceeding before she may bring a civil rights action for a Writ of Mandamus, a new trial, and for the state court records regarding the prosecution of Cary N. Rehbein. On the other hand, if the plaintiff is asserting a claim regarding deliberate indifference to her serious medical needs while in prison, that kind of claim may be asserted in a civil rights case.

### PLRA

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42

U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

Because of the possibility that a viable medical claim has been asserted, this case will not be summarily dismissed on initial review. The defendants may be served with process and may assert appropriate motions regarding the claims discussed above. The plaintiff may amend her complaint, if she so wishes, to clarify her medical claims, if any.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court is directed to provide the plaintiff with one summons and one Form USM-285 and a copy of this order.

2. In completing the forms, the plaintiff shall comply with Neb. Rev. Stat. § 25-510.02(2), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

3. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The court will copy the complaint for the Marshal. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. Otherwise, dismissal can occur.

6. If proof of service of process has not been returned by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8. The plaintiff shall include with each document submitted to the court a

"Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant or to the attorney of any represented defendant.  **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

9.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

10.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11.  The plaintiff shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal.

12.  IMPORTANT NOTE:  **Any pleading, letter, motion or other communication sent by the plaintiff to the court must bear the plaintiff's signature.**

13.  Filing no. 2, the plaintiff's Motion to Proceed in Forma Pauperis ("IFP") is provisionally granted, subject to receipt of the plaintiff's trust account information, at which time, a separate Prisoner Payment Order will issue.

DATED this 5th day of February, 2007.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge