IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YOURGOS DIAMANTOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV31 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, et al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on more than 30 separate motions or other documents filed by Plaintiff Yourgos Diamantopoulos, a prisoner incarcerated by Defendants at the Tecumseh State Correctional Institution. Also before the court is Defendant Robert Houston's motion to dismiss. (Filing No. 37.)

### I.  PLAINTIFF DIAMANTOPOULOS' MOTIONS

Plaintiff's pending motions and other filings can be categorized into six general categories: motions relating to the validity of his incarceration, motions relating to the payment of his filing fee in this matter, motions relating to documents and equipment, motions relating to amendment of the complaint, motions relating to the appointment of counsel, and a motion for emergency medical needs transfer.  Each of these motions is denied as set forth in this order.

### A.  Motions Relating to the Validity of Plaintiff's Incarceration.

Plaintiff filed the following motions which the court construes as relating to the validity of his incarceration:  motion for new trial (filing no. 3), motion regarding anti-terrorist act (filing no. 12), motion for emergency transfer (filing no. 13), motion

for writ of mandamus (filing no. 15), motion regarding illegal sentence (filing no. 17), objection to initial review (filing no. 21), motion for habeas corpus (filing no. 23), request for show cause regarding torture (filing no. 30), and motion for arrest of judgment (filing no. 43) (together, the "Validity of Incarceration Motions").

As set forth in this court's Order on Initial Review (filing no. 10), Plaintiff cannot assert claims relating to the validity of his incarceration in an action brought under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also* Order on Initial Review at 1-2 (filing no. 10). The court notes that on July 24, 2007, Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In that separate action, Plaintiff asserts nearly identical challenges to his conviction and incarceration as are set forth in the complaint and in the Validity of Incarceration Motions. *See Diamantopoulos v. State of Nebraska*, No. 07-CV-03191 (D. Neb. July 24, 2007) at filing no. 1.

Because Plaintiff has asserted these claims in another action, and for the reasons set forth in part II of this order and in the Order on Initial Review, all of the Validity of Incarceration Motions are denied.

B. <u>Motions Relating to Payment of the Filing Fee.</u>

Plaintiff filed the following motions which the court construes as relating to the payment of the filing fee in this matter: motion to order accounting to send check (filing no. 28), motion for accounting of filing fee (filing no. 41), two letters regarding payment for action (filing nos. 46 and 49), two motions for refund of overpayment of filing fee (filing nos. 47 and 48), and a letter regarding prisoner payment order (filing no. 53) (together, the "Filing Fee Motions").

Plaintiff was granted leave to proceed in forma pauperis in this action on February 5, 2007. (Filing No. 10.) On February 28, 2007, Plaintiff paid the initial

filing fee of $7.00. (*See* Feb. 28, 2007 Docket Sheet Text Entry.) On March 7, 2007, Plaintiff paid an additional $350.00. (*See* March 7, 2007 Docket Sheet Text Entry.) The Clerk of the court has informed the court that on May 24, 2007, the Clerk of the court refunded $7.00 to Plaintiff's account at the Tecumseh State Correctional Institution. Because Plaintiff is required to pay the full $350.00 filing fee, no additional refund is warranted. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). All of the Filing Fee Motions are therefore denied.

      C.     <u>Motions Relating to Documents and Equipment.</u>

Plaintiff filed the following motions relating to the provision of documents: motion for documents (filing no. 3), formal request for material (filing no. 22), motion for law library materials (filing no. 24), motion for copies (filing no. 26), motion for equipment from federal practice fund (filing no. 35), motion for federal practice fund equipment (filing no. 39), motion for legal supply (filing no. 45) (together, the "Equipment Motions").

Filing nos. 3 and 26 request that the court order various third parties to produce documents relating to Plaintiff's conviction in state court. The two Equipment Motions do not relate to any claim brought pursuant to 42 U.S.C. § 1983. As set forth in parts I(A) and II of this order, Plaintiff's claims which assert challenges to the validity of his incarceration are dismissed. Plaintiff's motions for documents which relate to challenges to his incarceration are therefore denied.

The court construes filing nos. 22, 24, 35, 39, and 45 as requesting that the court either order Defendants to permit Plaintiff to purchase his own computer and other equipment or order that a computer be purchased for Plaintiff using funds supplied from the Federal Practice Fund. The court notes that Plaintiff has recently begun filing motions that are typewritten suggesting that these motions are moot.

(Filing No. 53.) Regardless of the mootness question, Plaintiff filed over 30 separate motions and documents without the use of a computer.

In addition, as set forth by the court's Local Rules and the Amended Plans for Administration of the Federal Practice Fund, equipment such as that requested by Plaintiff cannot be purchased by the Federal Practice Fund. *See* Neb. Gen. R. 1.2(i); Amd. Plans for Admin. of the Fed. Practice Fund at 6-8, available from the Clerk of the court. All of the Equipment Motions are denied.

### D.    Motions Relating to Amendment of the Complaint.

Plaintiff filed the following motions which the court construes as relating to amendment of the complaint:[1] supplement regarding Nebraska constitution (filing no. 31), supplement regarding 42 U.S.C. § 1983 (filing no. 32), summons certificate of service (filing no. 34), motion to amend complaint (filing no. 42), motion for declaratory judgment (filing no. 44) and motion for declaratory judgment and punitive damages (filing no. 50) (together, the "Motions to Amend").

Again, Plaintiff cannot bring claims in this action which relate to the validity of his incarceration. However, the Motions to Amend, regardless of how they are titled by Plaintiff raise numerous issues which may raise claims pursuant to 42 U.S.C. § 1983. However, because Plaintiff intertwines the validity of his incarceration with issues relating to medical care, religious freedom, and other potentially cognizable claims, the court is unable to clearly determine which claims the Plaintiff asserts in this action.

---

[1] The court notes that Plaintiff filed several other documents which may relate to the complaint but do not necessarily require action by the court. (Filing Nos. 4, 5, 8, 16, and 20.) To the extent required, the court treats those filings under the category "Motions to Amend."

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). The court therefore grants Plaintiff's Motions to Amend in part. Specifically, the court grants Plaintiff leave to amend his complaint within 30 days. The court directs the Clerk of the court to send to Plaintiff the "Instructions for Filing a Civil Rights Claim" packet. However, the court cautions Plaintiff that any claims relating to the validity of his incarceration are dismissed and cannot be amended. If Plaintiff does not amend the complaint within 30 days, this matter will proceed only on the claims presented in the complaint (filing no. 1) which are not dismissed as a result of this order. The remaining portions of Plaintiff's Motions to Amend are denied.

### E. Motions Relating to Appointment of Counsel.

Plaintiff filed the following motions relating to the appointment of counsel: formal request for material (filing no. 22), motion for habeas corpus (filing no. 23), motion for counsel and equipment (filing no. 25), motion for judge advocate general legal counsel (filing no. 29), and motion to amend complaint (filing no. 42) (together, the "Counsel Motions").

On June 6, 2007, the court denied three motions to appoint counsel. (*See* filing nos. 19, 27, 51 and 52.) As set forth in that order, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* Further, the court is aware of no authority permitting it to appoint counsel from the Judge Advocate General's Office. Plaintiff's Counsel Motions relating to appointment of counsel from the Judge Advocate General's Office are denied with prejudice. The remaining Counsel Motions are denied without prejudice to reassertion.

F. <u>Motion for Emergency Medical Transfer.</u>

Plaintiff filed one motion which does not fit into any of the above five categories, a motion styled motion for emergency medical needed transfer. (Filing no. 18.) Although Plaintiff sets forth that his motion is an "emergency," the motion does not meet the criteria for issuance of a temporary restraining order or other emergency relief. *See Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (setting forth balancing test of four factors for issuance of temporary restraining order). Again, Plaintiff is granted leave to amend his complaint within 30 days. The motion for emergency medical needed transfer is therefore denied without prejudice to reassertion of the claims raised therein.

## II. DEFENDANT ROBERT HOUSTON'S MOTION TO DISMISS

Defendant Robert Houston filed a motion to dismiss (filing no. 37) asserting that dismissal is warranted because Defendant Houston is entitled to sovereign immunity from monetary relief and because claims relating to the validity of Plaintiff's incarceration are not properly brought in this action. Plaintiff filed a timely response to the motion to dismiss. (Filing No. 40.) Defendant Houston's motion is granted in part and denied in part.

When ruling on a Rule 12(b)(6) motion, the district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a

matter of law." *Stringer*, 446 F.3d at 802 (internal citations and quotation marks omitted).

As set forth above, a prisoner cannot assert a claim challenging the validity of his incarceration pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In large part, Plaintiff's complaint sets forth challenges to the validity of his incarceration. Importantly, as set forth above, Plaintiff has already reasserted these claims in another action pursuant to 28 U.S.C. § 2254. *See Diamantopoulos v. State of Nebraska*, Case No. 07-CV-03191 at filing no. 1.[2] Thus, even liberally construing Plaintiff's complaint and drawing all reasonable inferences in Plaintiff's favor, Plaintiff cannot assert a claim as a matter of law with respect to the validity of his incarceration. Defendant Houston's motion to dismiss is granted with respect to Plaintiff's claims challenging the validity of his incarceration.

Regarding the second argument for dismissal set forth by Defendant Houston, the law is also settled. Indeed, "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In making this determination, the court must consider whether there is an alleged violation of a constitutional right and whether that right was clearly established at the time such that a reasonable person would have known that his conduct violated the law. *See Herts v. Smith*, 345 F.3d 581, 585 (8th Cir.2003) ("The determination of whether qualified immunity [applies] is one of 'objective

---

[2]The court cautions Plaintiff that anything contained in this order shall not be construed as a determination regarding the merits of the claims asserted, or any procedural bars which may prevent Plaintiff from obtaining relief, in Case No. 07-CV-03191, pending in this court.

reasonableness.'"); *see also Monroe v. Ark. State Univ.*, No. 06-35192007, 2007 WL 2127332 (8th Cir. July 26, 2007) (same).

Defendant Houston suggests that qualified immunity is absolute. However, as Plaintiff states in his response to the motion, albeit not as eloquently as the Supreme Court, "[q]ualified immunity is only valid if one knows he or she is <u>not</u> breaking the law." (Filing No. 40 at 3.) Construing the complaint liberally and in the light most favorable to Plaintiff, Defendant Houston's motion to dismiss on qualified immunity grounds must be denied. However, this portion of the motion to dismiss is denied without prejudice to reassertion pursuant to Federal Rule of Civil Procedure 56.

IT IS ORDERED THAT:

1.     Plaintiff Yourgos Diamantopoulos' filing nos. 3, 12, 13, 15, 17, 18, 21, 22, 23, 24, 25, 26, 28, 29, 30, 35, 39, 41, 43, 45, 46, 47, 48, 49, and 53 are denied.

2.     Plaintiff Yourgos Diamantopoulos' filing nos. 31, 32, 34, 42, 44, and 50 are granted in part. Plaintiff is granted leave to file an amended complaint within 30 days from the date of this order. Plaintiff shall not allege claims challenging the validity of his incarceration in an amended complaint. If Plaintiff does not file an amended complaint within 30 days, this matter will proceed only on the claims set forth in the original complaint (filing no. 1), subject to the dismissal contained in this order. The remaining requests contained in filing nos. 31, 32, 34, 42, 44, and 50 are denied.

3.     The Clerk of the court is directed to send to Plaintiff the "Instructions for Filing a Civil Rights Claim" packet. The Clerk of the court is also directed to send to Plaintiff a copy of the docket sheet in this matter.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 1, 2007: deadline for filing amended complaint.

5. Defendant Robert Houston's motion to dismiss (filing no. 37) is granted in part and denied in part without prejudice to reassertion in accordance with the Federal Rules of Civil Procedure and the Local Rules of this court.

August 30, 2007.                    BY THE COURT:

                                    s/ Joseph F. Bataillon
                                    Chief United States District Judge