IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YOURGOS DIAMANTOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV31 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, et al., | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff Yourgos Diamantopoulos's motions for an order to show cause (filing nos. 61 and 71), motions for medical emergency transfer (filing nos. 65 and 70), and motion for temporary restraining order (filing no. 71). Also before the court is Defendant Robert Houston's motion to alter or amend. (Filing No. 57.) Plaintiff has filed an amended complaint seeking to add parties, which the court must also address. (Filing No. 59.)

## I. PLAINTIFF DIAMANTOPOULOS' MOTIONS

### A. Motions for an Order to Show Cause and for Temporary Restraining Order.

Plaintiff filed two motions for an order to show cause and for a temporary restraining order. (Filing Nos. 61 and 71.) It appears that the two motions are identical and that Plaintiff re-filed the motion because, in his estimation, the documents were filed incorrectly the first time.

In his motions for an order to show cause and for temporary restraining order, Plaintiff reiterates many of the allegations contained in the amended complaint and

in his previous motions for temporary restraining order. The bulk of the motions set forth extensive factual allegations and case law supporting Plaintiff's claims. (Filing No. 71.) As set forth in this court's previous order, Plaintiff's motions do not meet the criteria for issuance of a temporary restraining order or other emergency relief. *See Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (setting forth balancing test of four factors for issuance of temporary restraining order). These motions are therefore denied.

### B. Motions for Medical Emergency Transfer.

Plaintiff filed two motions for emergency medical transfer (filing nos. 65 and 70). The two motions for emergency medical transfer are identical and the court will treat them as such.

Plaintiff's motions for emergency medical transfer primarily raise issues which relate to his continued incarceration. As the court has instructed previously, Plaintiff may not bring such claims in an action brought under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also* Order on Initial Review at 1-2 (filing no. 10). The court notes that on July 24, 2007, Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In that separate action, Plaintiff asserts nearly identical challenges to his conviction and incarceration as are set forth in these motions for emergency medical transfer. *See Diamantopoulos v. State of Nebraska*, No. 07-CV-03191 (D. Neb. July 24, 2007) at filing no. 1. Plaintiff's motions for emergency medical transfer are therefore denied.

The court cautions Plaintiff that he is bound by this court's orders. The court has repeatedly instructed Plaintiff that claims relating to the validity or continuation of his incarceration *cannot* be brought in this action and the court has dismissed such

claims.  (Filing No. 56.)  Plaintiff is admonished that further motions requesting release from custody shall not be brought in this action.

### C.  Plaintiff's Amended Complaint.

By this court's previous order, Plaintiff was permitted to file an amended complaint so that the court could "clearly determine which claims Plaintiff asserts." (Filing No. 56.)  In clarifying his claims, Plaintiff also added claims against Fred Britton [sic], PA Martin, and Robert Houston.  (Filing No. 59 at 1-2.)

The addition of parties requires leave of the court and occurs only by "order of the court."  Fed. R. Civ. Pro. 21.  However, leave to amend a complaint and add parties "shall be freely given when justice so requires."  Fed. R. Civ. Pro. 15(a).  The amended complaint contains no allegations against PA Martin and the addition of PA Martin is not permitted.  However, there are numerous allegations against Mr. Britten, and the court will allow the addition of Mr. Britten.  Plaintiff shall serve Mr. Britten with summons within 60 days of the date of the order.  Failure to do so will result in dismissal of the claims against Mr. Britten.

## II.  DEFENDANT ROBERT HOUSTON'S MOTION TO ALTER OR AMEND.

Defendant Robert Houston filed a motion to dismiss (filing no. 37) asserting that dismissal is warranted because Defendant Houston is entitled to sovereign immunity from monetary relief and because claims relating to the validity of Plaintiff's incarceration are not properly brought in this action. Plaintiff filed a timely response to the motion to dismiss.  (Filing No. 40.)  The court granted Defendant Houston's motion in part and denied it in part.  (Filing No. 56.)  Defendant Houston filed a motion to alter or amend on September 5, 2007.  (Filing No. 57.)

In his motion to alter or amend, Defendant Houston restates his position with respect to sovereign immunity and argues that the court was mistaken in characterizing his motion as relating to qualified immunity. (*Id.*) The court agrees that it misconstrued Defendant Houston's motion as relating to qualified, rather than sovereign immunity. Therefore, the court reconsiders its previous order with respect to sovereign immunity.

A claim against an officer, in his official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) (quoting *Kentucky v. Graham*, 105 S. Ct. 3099, 3105 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.")).

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-378 (8th Cir. 1981).

Defendant Houston has only been served with summons in his official capacity and is presumably only sued in his official capacity. (Filing No. 36.) Therefore, Defendant Houston is entitled to sovereign immunity and his motion to dismiss is

granted as to all requests in the complaint for monetary relief from Defendant Houston and the Nebraska Department of Correctional Services.

However, the Eleventh Amendment does not preclude actions against a state, its instrumentalities or officials for prospective injunctive relief to prevent future violations of federal law. *Dover Elevator Co.*, 64 F.3d at 447; *Kashani v. Purdue Univ.*, 813 F. 2d 843, 848 (7th Cir.), cert. denied, 108 S. Ct. 141 (1987). It appears from the amended complaint that Plaintiff seeks prospective injunctive relief against Defendant Houston and the Nebraska Department of Correctional Services, not only monetary relief. Therefore, the Eleventh Amendment does not require dismissal of the claims in this case against Defendant Houston for prospective injunctive relief.

IT IS THEREFORE ORDERED that:

1. Plaintiff Yourgos Diamantopoulos' motions for an order to show cause (filing nos. 61 and 71) are denied.

2. Plaintiff Yourgos Diamantopoulos' motions for emergency medical transfer (filing nos. 65 and 70) are denied.

3. Plaintiff Yourgos Diamantopoulos' motion for temporary restraining order (filing no. 71) is denied.

4. Defendant Robert Houston's motion to alter or amend (filing no. 57) is granted as set forth in this memorandum and order. The claims against Defendant Houston and the Nebraska Department of Correctional Services which seek monetary relief are dismissed.

5. Defendant Fred Britten is added as a Defendant in this matter. Plaintiff shall have 60 days in which to obtain service of process on Defendant Britten.

6.      In order to obtain service of process on Defendant Britten, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO summons forms and TWO USM-285 forms to Plaintiff together with a copy of this memorandum and order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

7.      Upon receipt of the completed forms, the Clerk of the court will sign the summons, to be forwarded with a copy of the complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the complaint, and Plaintiff does not need to do so.

8.      Plaintiff is hereby notified that failure to obtain service of process on Defendant Britten within 60 of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

9.      The Clerk of Court is directed to set a pro se case management deadline using the following text: "January 18, 2008: Check for completion of service of summons on Defendant Britten."

November 19, 2007.          BY THE COURT:

                            s/ Joseph F. Bataillon
                            Chief United States District Judge