IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YOURGOS DIAMANTOPOULOS, | ) | 4:07CV31 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director, | ) | |
| FRED BRITTON, Warden TSCI, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion, pursuant to the court's obligations under 28 U.S.C. § 1915(e)(2). As set forth below, Plaintiff's claims are dismissed.

## I.   BACKGROUND

Plaintiff Yourgos Diamantopoulos ("Diamantopoulos") filed his Complaint in this matter on January 22, 2007. (Filing No. 1.) Thereafter, Plaintiff sought on at least ten occasions to amend his Complaint, through the filing of various "Supplements" and several "Amended Complaints." (*See, e.g.,* Filing Nos. 4, 5, 8, 16, 20, 22, 30, 31, 32, and 59.) The court permitted the filing of a final Amended Complaint on September 24, 2007. (Filing No. 68.) The allegations of the September 24, 2007 Amended Complaint (filing no. 68) supersede all previous filings.[1] *See*

---

[1]Defendant Houston notes that he was served in his official capacity with no fewer than seven different documents along with a summons. (Filing No. 90 at CM/ECF p. 16.) As already stated, there are at least ten different documents filed by Plaintiff which may be construed as a "supplement" or "amendment" to Plaintiff's claims, making his claims difficult to pin down. For this precise reason, the court declines to exercise its discretion to treat these filings as "supplemental" rather than "superseding" and will consider only the claims contained in the September 24, 2007

NECivR 15.1(a-b). On January 3, 2008, Defendants filed a Motion for More Definite Statement. (Filing No. 82.) The court denied the Motion as moot, finding that Plaintiff's Response to the Motion (filing no. 84) constituted "the more definite statement sought by" Defendants. (Filing No. 85.) Thus, the only claims before the court, and the only claims which the court will consider, are those contained in September 24, 2007 Amended Complaint, as clarified by Plaintiff's Response.[2]

With that in mind, Plaintiff's Amended Complaint is brought pursuant to 42 U.S.C. § 1983. Even with the most liberal construction, Plaintiff's allegations are nearly impossible to decipher. For example, in discussing his loss of "over $4,000.00 in property," Plaintiff states that he "went from a size 6 to a size 12 in waist size. From a size 18 waist size to a size 38 waist size." (Filing No. 84 at CM/ECF p. 5.) Taking another example from the Amended Complaint, Plaintiff alleges that:

> The Plaintiff received over $1,249.00 in Dec of 2006 again received another $1,350.00 and continue to receive funds as needed. It takes time to get it from New York and I have to go through a power of attorney. But the funds are there. In Nebraska §5 Neb Constitution (1) Games and Parks Commission shall establish standards and Petitioner has followed those standards. As long as Plaintiff does not profit from the crime serving.

(Filing No. 68 at CM/ECF p. 6, formatting in original.) In short, the Amended Complaint and Plaintiff's Response to the Motion for More Definite Statement include general, incoherent allegations regarding Plaintiff's numerous health conditions, sexual orientation, financial situation, citizenship status, the Nebraska

---

Amended Complaint. NECivR 15.1(b).

[2]Thus, when the court uses the term "Amended Complaint" in this Memorandum and Order, it is referring only to the September 24, 2007 Amended Complaint.

Game and Parks Commission rules, and countless other topics. (Filing Nos. 68 and 84.)

## II. LEGAL STANDARDS

Plaintiff is proceeding in forma pauperis in this matter and is therefore subject to the provisions of 28 U.S.C. § 1915(e)(2). (Filing No. 10.) As set forth in that statute:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief may be granted, a pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, [or else] their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,*

780 F.2d 1334, 1337 (8th Cir. 1985). Further, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In light of this, and affording the Amended Complaint the most liberal construction, the court finds that Plaintiff has adequately alleged only one claim. Specifically, Plaintiff alleges that his rights were violated because he lost property as a result of a December 1, 2006 search of his cell. Thus, the court will address this claim only.

### III.    ANALYSIS

As set forth above, the court has analyzed Plaintiff's Amended Complaint carefully. Plaintiff's only cognizable claim relates to the loss of "over $4,000.00 in property" as a result of a December 1, 2006 misconduct report. (Filing No. 84 at CM/ECF p. 5.) The Eighth Circuit has recognized that "[c]laims of intentional deprivation of a prisoner's property under color of state law are actionable under 42 U.S.C. § 1983." *Jensen v. Klecker*, 599 F.2d 243, 245 (8th Cir. 1979). Moreover, even if the initial confiscation of the property at issue was justified and lawful, failure to return a prisoner's property or "permanent forfeiture of the prisoner's property without statutory authority" may violate the due process clause of the United States Constitution. *Id.*

However, *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). A plaintiff need not show that a supervisor personally participated in the alleged violation if he can "allege and show . . . that the supervisor . . . had direct responsibility for the alleged

violations." *McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993). In addition, "a plaintiff could show that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts." *Id.* (citing *Pool v. Missouri Dep't of Corr. & Human Res.*, 883 F.2d 640, 645 (8th Cir. 1989). Therefore, where a plaintiff alleges that a warden or other supervisor is "responsible for the overall operation of" an institution and was "fully aware" of the alleged constitutional violations, the claims should not be dismissed. *Pool*, 883 F.2d at 645.

Here, Plaintiff's Amended Complaint does not allege a single action taken by Britten or Houston with regard to the loss of his property. Rather, Plaintiff's claims are based on the actions of "Case Manager Needham," "Cpl. Gray," and others. (Filing No. 84 at CM/ECF pp. 1, 3.) Although Britten is the Warden at Plaintiff's institution, and is presumably "responsible for the overall operation of" TSCI, there is nothing in the Amended Complaint or otherwise which shows that Britten was "fully aware" of the alleged constitutional violations. The same is true of Director Houston. As set forth above, simply being responsible for an institution or a department, without some knowledge or authorization of the alleged unlawful acts, does not adequately allege constitutional violations. Plaintiff has had more than ten opportunities to amend his claims. Further amendment would be futile. In light of this, Plaintiff's claims are dismissed in accordance with 28 U.S.C. § 1915(e)(2).

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants are dismissed in accordance with 28 U.S.C. § 1915(e)(2).

2. Defendants' Motion for Summary Judgment (filing no. 89), Plaintiff's Motions to Deny Respondents' Motion for Summary Judgment (filing nos. 92 and 93) and Motion for Summary Judgment (filing no. 94) are all denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

4. The Clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

October 14, 2008.                    BY THE COURT:


                                     s/ Joseph F. Bataillon
                                     Chief United States District Judge